# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0545, <u>City of Berlin v. Loveland Lineage, LLC & a.</u>, the court on January 19, 2021, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Defendant George Stanley appeals orders of the Superior Court (<u>Bornstein</u>, J.) affirming orders of the Circuit Court (<u>Subers</u>, J.) that authorized the City of Berlin to remediate hazardous conditions located on property owned by Stanley and defendant Loveland Lineage, LLC, and awarded the City attorneys' fees and costs. We affirm.

The pertinent facts are as follows. In August 2018, pursuant to an administrative inspection warrant issued by the circuit court, the City inspected the defendants' property and discovered numerous violations of state law and local ordinances. In September 2018, given the "deplorable condition" of the property, and the significant hazards posed by it to public health and safety, the City issued a consolidated set of orders obligating the defendants to remediate the violations and to submit a detailed plan for doing so. <u>See, e.g.</u>, RSA 147:4, :17 (2005); RSA 155-B:2, :3 (2014); RSA 676:17, :17-a (2016). In December 2018, after the defendants failed to submit or agree to an acceptable remediation plan, the City filed its consolidated orders with the circuit court and moved to enforce them. <u>See</u> RSA 155-B:5; RSA 676:17-a, VI. Following a hearing in January 2019, at which the defendants failed to appear, the circuit court found that the property "is in such a condition as it poses a substantial and serious risk to the public, City Officials and emergency responders, and any residents of the [p]roperty," and granted the City's motion, ordering the defendants to "remediate and remove all public hazards and violations from the [p]roperty . . . no later than February 15, 2019." In March 2019, the City filed an Affidavit of Non-Compliance, notifying the circuit court that the defendants had not yet begun the remediation. Accordingly, in May 2019, the circuit court authorized the City to conduct the remediation itself, and awarded the City attorneys' fees and costs. <u>See</u> RSA 155-B:9, :10; RSA 676:17-a, VIII, IX.

Stanley appealed to the superior court. <u>See</u> RSA 155-B:15; RSA 676:17-a, X. The City filed a motion for summary affirmance, which, in August 2019, the superior court granted. In its order, the superior court found that Stanley's appeal of the circuit court's January 2019 order was untimely; therefore, it only considered the merits of the circuit court's May 2019 order. Although the superior court found that Stanley had failed to preserve his appellate arguments,

it nonetheless reviewed the factual and procedural history of the case and ruled that

> the circuit court's May 23, 2019 decision was not erroneous and was supported by the evidence. As set forth in the circuit court's January 15, 2019 order, if the appellant failed to comply with the remediation order, the City would be entitled to file an Affidavit of Non-Compliance and petition the court to allow it to take the property to remediate same. According to the only evidence before the Court, the appellant failed to meet said obligations and, therefore, the City petitioned the court for relief. The relief that the circuit court granted was consistent with its January 15, 2019 order and consistent with the applicable law. For these reasons, the Court GRANTS the City's Motion for Summary Affirmance. The appellant's appeal, therefore, is dismissed.

The superior court also granted the City's request for attorneys' fees and costs incurred in enforcing the action, approving, in a subsequent order, the specific amounts requested by the City. Stanley's motion for reconsideration was denied in August 2019.

Stanley now appeals the superior court's orders. However, his appellate brief consists of a single, hand-written page that fails to develop any legal argument, and amounts to "a mere laundry list of complaints regarding adverse rulings by the trial court." State v. Blackmer, 149 N.H. 47, 49 (2003) (quotation omitted). Accordingly, the brief is insufficient to warrant judicial review. See id. Moreover, as the appealing party, Stanley has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's orders, Stanley's challenges to them, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2